**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chimyere McCall, et al., | No. CV-19-05126-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Damon Charles Williams, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion For A More Definite Statement, (Doc. 33). Being unopposed, Plaintiffs' motion will be granted.

## I.  BACKGROUND

On January 8, 2020, Plaintiffs petitioned the Court to order Defendants to amend their counterclaim pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 33.) Pointing to three paragraphs in Defendants' Answer, Plaintiffs argue Defendants' counterclaim: (1) fails to satisfy Rule 8(a)'s requirement that pleadings be "short and plain statements showing that the pleader is entitled to relief"; and (2) were too vague and ambiguous to allow Plaintiffs' to respond. (Doc. 33 at 4-6.) Defendants had fourteen (14) days to respond.[1] *See* LRCiv. 7.2(c). Twenty (20) days passed without response. On January 28, 2020, recognizing Defendants' pro se status, the Court issued a cautionary order extending Defendants' deadline to February 3, 2020. (*See* Doc. 35.) The Court reminded Defendants

---

[1] LRCiv. 7.2(c) provides a party, like Defendants here, "fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum." LRCiv. 7.2(c).

to "take notice that failure to respond to Plaintiff's Motion by the deadline set forth in this Order will result in the Court deeming Plaintiff's Motion as being unopposed and consented to by Defendants." (*Id.* (citing *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994).) Defendants responded on February 5, 2020. (Doc. 38.)

## II.   LEGAL STANDARD

LRCiv. 7.2(c) requires an opposing party to file and serve responsive motions within fourteen (14) days of receiving service of the initial motion. When an "unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i). Further, Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Following a party's motion, a court may order a more definite statement and "require such detail as may be appropriate in the particular case ...." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

## III.   DISCUSSION

Defendants twice failed to comply with Local Rules. First, they failed to file a response within fourteen (14) days of Plaintiffs' motion. The Court granted them an additional twelve (12) days beyond that allowed by LRCiv. 7.2(c) and explicitly warned Defendants that further failure to comply would be interpreted as a consent to Plaintiffs' motion. Ultimately, the Court's leniency made no difference and Defendants eventual response was untimely. Defendants' were expressly warned of the consequences of noncompliance and provided ample opportunity to comply. The Court will deem their failure to timely file a response as a consent to Plaintiffs' motion and consider the motion unopposed.

Although motions for a more definite statement are generally disfavored given the minimal pleading requirements of the Federal Rules, a Rule 12(e) motion is proper "where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim

being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) (citing *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal.1981)). A motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). By contrast, In making "a claim to recover damages," Defendants' counterclaim merely references the subject matter of the complaint, (Doc. 28 at 9, ¶¶ 6-10), but gives "no indication of any theory of liability under which Defendants are asserting new counterclaims against Plaintiffs," (Doc. 33 at 5). *See Sagan*, 874 F.Supp. at 1077 ("[A] Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made.") While the "pleading requirements of the Federal Rules" are "minimal," *id.*, they require more than Defendants' Answer provides. As discussed, Plaintiffs' motion is unopposed and will be granted.

## IV.     CONCLUSION

The Court will grant Plaintiffs' motion and order Defendants to amend their Answer[2] in a manner consistent with this Order.

Accordingly,

**IT IS ORDERED** GRANTING Plaintiffs' Motion For A More Definite Statement, (Doc. 33).

**IT IS FURTHER ORDERED** GRANTING Defendants leave to amend their Answer and STRIKING their Amended Answer, (Doc. 34). Defendants have fourteen (14) days from the date of this Order to file a new amended answer.

Dated this 28th day of April, 2020.

Honorable Susan M. Brnovich
United States District Judge

---

[2] Defendants' Amended Answer, (Doc. 34), filed after Plaintiffs' instant motion, contains a counterclaim identical to that found in Defendants' Answer, (Doc. 28), and does not affect this Court's analysis.