1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8

9   Chimyere McCall, et al.,                       No. CV-19-05126-PHX-SMB

10                  Plaintiffs,                     **ORDER**

11  v.

12  Damon Charles Williams, et al.,

13                  Defendants.

14

15          Pending before the Court is Plaintiffs/Counterdefendants', Chimyere McCall and

16  Monroe McCall's ("Plaintiffs"), Motion for Partial Summary Judgment. (Doc. 54.)

17  Defendants/Counterplaintiffs, Damon and Zene Williams ("Defendants"), responded,

18  (Doc. 59), and Plaintiffs replied. (Doc. 60.) Plaintiffs have requested oral argument, but the

19  Court elects to rule without oral argument, finding that it is unnecessary. *See* LRCiv. 7.2(f).

20  **I.    BACKGROUND**

21          The procedural background has been explained in a previous order of the Court

22  (Doc. 61) and will not be repeated in full here but is incorporated for purposes of this ruling.

23  Plaintiffs bring this Motion for Summary Judgment seeking summary judgment on their

24  claims for "Special Action/Declaratory Judgment declaring the Judgment Liens to be

25  invalid" and their claim for "Wrongful Lien." (Doc. 54 at 1-2.) Plaintiffs do not seek

26  summary judgment for their Racketeering claim. (*Id.*)

27          The following factual information is undisputed. United Solutions Corp. ("USC")

28  was formed on March 21, 2006. Defendant Damon Charles Williams ("Mr. Williams") was

1    USC's sole shareholder and officer until the company was dissolved in 2011. On August

2    3, 2007, USC filed a lawsuit against Plaintiffs in Maricopa County Superior Court. USC

3    was granted a judgment against Plaintiffs in the amount of $1,043,375.00, plus costs of

4    $2,451.81, on June 25, 2009.

5    On or about May 27, 2010, USC, through counsel, filed an application for

6    Registration of Foreign Judgment in the Circuit Court of Washington County, Arkansas.

7    On November 4, 2010 McCall filed a Voluntary Petition for Chapter 7 Bankruptcy in the

8    United States Bankruptcy Court for the Western District of Arkansas.[1] Plaintiffs filed the

9    required schedule in the bankruptcy case and included the Judgement in the Maricopa

10   County case as well as the registration of the judgment in Arkansas. USC filed an adversary

11   Proceeding to object to and determine dischargeability of this debt within the bankruptcy

12   case. On September 29, 2011, the Bankruptcy Court dismissed the adversary case and

13   found the debt to be dischargeable.[2] Neither USC nor Defendants appealed the order

14   dismissing the adversary action and finding the debt dischargeable. On October 17, 2011,

15   the bankruptcy court issued the "Discharge of Debtor", which stated "**IT IS ORDERED:**

16   The debtor is granted a discharge under Section 727 of title 11, United States Code."

17   Neither USC nor Defendants ever appealed the bankruptcy order. On March 23, 2018, Mr.

18   Williams filed an "Affidavit for Renewal of Judgment" in Maricopa County Superior Court

19   designating himself as "Assignee" of the judgment. The same day, Mr. Williams also

20   recorded a judgment lien with the Maricopa County Recorder.

21   **II.    LEGAL STANDARD**

22   Summary judgment is appropriate when "there is no genuine dispute as to any

23   material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

24   56(a). A material fact is any factual issue that might affect the outcome of the case under

25   the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

26

27   [1] Defendants objects to the exhibits in support of this statement but states no basis for the objection.

28   [2] Defendants have also alleged in this case that the Plaintiffs' bankruptcy action was filed in bad faith, but that is not an issue for this Court to decide.

1   A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could

2   return a verdict for the non-moving party. *Id.* "A party asserting that a fact cannot be or is

3   genuinely disputed must support the assertion by . . . citing to particular parts of materials

4   in the record" or by "showing that materials cited do not establish the absence or presence

5   of a genuine dispute, or that an adverse party cannot produce admissible evidence to

6   support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). The Court need only consider the cited

7   materials, but it may also consider any other materials in the record. *Id.* 56(c)(3). Summary

8   judgment may also be entered "against a party who fails to make a showing sufficient to

9   establish the existence of an element essential to that party's case, and on which that party

10  will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

11           Initially, the movant bears the burden of demonstrating to the Court the basis for the

12  motion and "identifying those portions of [the record] which it believes demonstrate the

13  absence of a genuine issue of material fact." *Id.* at 323. If the movant fails to carry its initial

14  burden, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz

15  Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant meets its initial responsibility,

16  the burden then shifts to the nonmovant to establish the existence of a genuine issue of

17  material fact. *Id*. at 1103. The nonmovant need not establish a material issue of fact

18  conclusively in its favor, but it "must do more than simply show that there is some

19  metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio

20  Corp.*, 475 U.S. 574, 586 (1986). The nonmovant's bare assertions, standing alone, are

21  insufficient to create a material issue of fact and defeat a motion for summary judgment.

22  *Liberty Lobby*, 477 U.S. at 247–48. "If the evidence is merely colorable, or is not

23  significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations

24  omitted). However, in the summary judgment context, the Court believes the nonmovant's

25  evidence, *id.* at 255, and construes all disputed facts in the light most favorable to the

26  nonmoving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). If "the

27  evidence yields conflicting inferences [regarding material facts], summary judgment is

28  improper, and the action must proceed to trial." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d

1    1139, 1150 (9th Cir. 2002).

2    **III.    DISCUSSION**

3        **A.  Request for Judicial Notice**

4        Plaintiffs first request that the Court take judicial notice of certain "court records

5    and other government records" pursuant to Rule 201, Fed. R. Civ. P. (Doc. 54 at 2-3.)

6    Defendants argue that it would be inappropriate for the Court to take judicial notice of these

7    documents. (Doc. 59 at 3-4.) The Court, in the Order on the Motion to Dismiss filed

8    previously, took judicial notice of the underlying state court action, the bankruptcy

9    proceedings in the United States Bankruptcy Court for the Western District of Arkansas,

10   and the related Judgment Liens recorded by Maricopa County. (Doc. 61 at 5.) After taking

11   judicial notice, the factfinder must accept the fact as conclusive. *See* Fed. R. Evid. 201(f).

12   A Court takes judicial notice of another court's opinion "not for the truth of the facts recited

13   therein, but for the existence of the opinion, which is not subject to reasonable dispute over

14   its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). Thus,

15   the Court will reject arguments from Defendants that the orders from the Bankruptcy Court

16   were invalid. For the reasons explained in the Court's previous order (Doc. 61), the Court

17   will consider the documents as judicially noticed in ruling on this motion as well.

18       The Court has taken judicial notice of the Bankruptcy Court's order from September

19   29, 2011, which dismissed USC's action against Plaintiffs with prejudice for USC's failure

20   to prosecute the case. (Doc. 55-1, Ex. 12 at 1.) The order states, "The claim of Plaintiff, if

21   any, is dischargeable." (*Id.*) As Defendants concede, neither USC nor Defendants ever

22   appealed the Bankruptcy Court's order. (Doc. 55 ¶ 13; Doc. 59, Att. 1 ¶ 13.) The Court has

23   also judicially noticed the Discharge of Debtor issued by the Bankruptcy Court on October

24   17, 2011. (Doc. 55-1, Ex. 14.) The Discharge of Debtor states, "IT IS ORDERED: The

25   debtor is granted discharge under section 727 of title 11, United States Code, (the

26   Bankruptcy Code)." (*Id.* at 1.) Additionally, the Court has taken judicial notice of both

27   judgment liens recorded by Maricopa County. (Doc. 55-1, Exs. 17-19.)

28       **B.  Request to Amend Complaint**

1    Plaintiffs also move the Court to deem their Complaint amended pursuant to Rule

2    15(b)(2), Fed. R. Civ. P., to encompass the second lien that Mr. Williams filed after

3    Plaintiffs had already filed their Complaint in this case. (Doc. 54 at 9.) Indeed, Mr.

4    Williams filed the second lien on May 30, 2019, over two months after Plaintiffs filed their

5    Complaint. Defendants do not object to this request in their opposition. Thus, the Court

6    grants Plaintiffs' request and deems the Plaintiffs' Complaint amended to encompass the

7    second lien that was filed on May 30, 2019.

8    **C. Declaratory Judgment Pursuant to A.R.S. § 33-420**

9    The Plaintiffs are entitled to summary judgment on their request for a Declaratory

10   Judgment declaring that the liens are invalid. An Arizona statute prohibits a person who

11   purports to claim a lien against real property to cause a document asserting such a claim to

12   be recorded in the county recorder's office knowing or having reason to know that the

13   document is groundless or is otherwise invalid. A.R.S. § 33-420(A). The statute also

14   provides that the person who records the invalid lien is liable to the owner of the property

15   for "the sum of not less than five thousand dollars, or for treble the actual damages caused

16   by the recording, whichever is greater, and reasonable attorney fees and costs of the

17   action." A.R.S. § 33-420(A). "A document purporting to create an interest in, or a lien or

18   encumbrance against, real property not authorized by statute, judgment, or other specific

19   legal authority is presumed to be groundless and invalid. A.R.S. § 33-420(D). The owner

20   of the real property is authorized by statute to bring an action to immediately clear title to

21   the real property for liens which are groundless or otherwise invalid. A.R.S. § 33-420(B).

22   Under Arizona law, recording an affidavit of renewal of judgment creates a lien on real

23   property of the judgment debtor. A.R.S. § 12-1613(D). A discharge under Chapter 11

24   "voids any judgment at the time obtained" and operates as an injunction against the

25   commencement or continuation of an action to recover such debt. 11 U.S.C. § 524(a)(1)-

26   (2).

27   **1. Invalidity of the Liens**

28   In order for the Plaintiffs to obtain an order clearing title to their real property, they

1  must show that the liens are groundless or otherwise invalid. The Court finds that both liens

2  Mr. Williams filed in Maricopa County – one on March 23, 2018 (Doc. # 2018-0218732)

3  and the other on May 30, 2019 (Doc. # 2019-0397763) – are invalid or groundless. The

4  plain language of the Bankruptcy Court's Discharge of Debtor clearly discharged the

5  judgment that USC obtained in Maricopa County against Plaintiffs on June 25, 2009. The

6  two liens later filed by Mr. Williams in Maricopa County clearly seek to enforce USC's

7  June 2009 judgment. Mr. Williams attached a copy of the judgment to the first-filed lien.

8  (Doc. 55-1 Ex. 17-18.) The second-filed lien states that it is for an original judgment for

9  the exact same amount as the June 2009 judgment, showing that Mr. Williams intended to

10  enforce the discharged judgment. Thus, the Court finds that both liens are invalid or

11  groundless pursuant to A.R.S. § 33-420(B) and (D), and the Court will grant summary

12  judgment in the form of a declaratory judgment ruling that both liens are invalid or

13  groundless.

14          **2.  Knowledge of the Defendants**

15          In order for Plaintiffs to show that Mr. Williams violated A.R.S. § 33-420(A), they

16  must show that the Mr. Williams filed a lien against real property knowing or having reason

17  to know that the document was groundless or otherwise invalid.

18          The Court finds that Plaintiffs have proven by a preponderance of the evidence that

19  Mr. Williams knowingly filed an invalid lien in Maricopa County on May 30, 2019 in

20  violation of A.R.S. § 33-420(A). The Notice of Recipients attached to the Discharge of

21  Debtor lists both USC's Arkansas counsel and Arizona counsel as entities that received

22  notice of the discharge. (*Id.* at 3.) Nonetheless, the Defendants dispute this fact "as there is

23  not evidence that Williams agreed to be served process by way of either the attorney that

24  Withdraw [*sic*] from the case or an attorney who never made an entry of appearance in the

25  instant matter." (Doc. 59-1 ¶ 15.) Plaintiffs have produced no other evidence conclusively

26  showing that Mr. Williams knew of the discharge of the judgment prior to filing the initial

27  lien with Maricopa County. Thus, the Court is precluded from finding that Mr. Williams

28  knowingly filed that lien. However, Mr. Williams recorded the second lien with Maricopa

1   County on May 30, 2019, over a month after he had waived service of the Complaint in

2   this matter on April 16, 2019. (Doc. 1-1 at 27.) Therefore, he clearly had notice that the

3   second lien he filed in May 2019 was invalid or groundless. Accordingly, the Court finds

4   that there is a dispute of material fact as to whether Mr. Williams filed the first lien knowing

5   that the lien was invalid or groundless in violation of A.R.S. § 33-420, but that there is no

6   dispute as to any material fact that Mr. Williams filed the second invalid lien on May 30,

7   2019 with notice that the lien was invalid in violation of A.R.S. § 33-420. Therefore, the

8   Court grants summary judgment as to the second-filed lien but not the first.

9        Contrary to the argument made by Defendants, 11 U.S.C. § 524(e) does not validate

10  the liens filed by Mr. Williams. The subsection states that "discharge of a debt of the debtor

11  does not affect the liability of any other entity on, or the property of any other entity for,

12  such debt. 11 U.S.C. § 524(e). Although Mr. Williams construes this subsection to mean

13  that only USC's judgment was discharged in bankruptcy, leaving his own interest

14  unaffected, the Court disagrees. It is clear from examining the liens filed that the judgment

15  for which Mr. Williams sought both liens was the same one that USC obtained in the

16  Maricopa County action from June 25, 2009. Both liens list the exact same amount of the

17  original judgment ($1,043,375), and the first-filed lien has the original judgment attached.

18  (Doc. 55-1 at Ex. 17-19.) Defendants do not purport to have a separate judgment against

19  the Plaintiffs, and he claims on the liens that he is the "Assignee" of the judgment. (Doc.

20  55-1, Exs. 17, 19.) Therefore, 11 U.S.C. § 524(e) does not advance his argument.

21       The Court declines to entertain any argument from Defendants that the Bankruptcy

22  Court's decision to dismiss its case and discharge the debt was in error. Simply put, the

23  function of this Court is not to question the judgment of Bankruptcy Courts in other

24  jurisdictions. If the Defendants took issue with the decision of the Bankruptcy Court, they

25  should have promptly challenged or appealed the decision *in that venue* which the

26  Defendants admit that they did not do. This Court is without jurisdiction to question or

27  alter its rulings.

28  **IV.   CONCLUSION**

- 7 -

1    For the reasons discussed above, summary judgment is granted for the Plaintiffs'
2    claim for a Declaratory Judgment for both liens, and for Plaintiffs' claim for wrongful lien
3    under A.R.S. § 33-420(A) as to the lien recorded on May 30, 2019. Summary judgment is
4    denied for the lien recorded on March 23, 2018. Pursuant to A.R.S. § 33-420(A), the Court
5    determines that Defendants are liable to Plaintiffs for the sum of $5,000, and Defendants
6    are also liable to the Plaintiffs for attorney's fees and costs. Plaintiffs may file a motion for
7    attorney's fees and costs with this Court. Plaintiff's claim for Racketeering and for
8    Wrongful Lien for the lien filed on March 23, 2018 are the only remaining claims in this
9    case.

10    Accordingly,

11    **IT IS ORDERED** granting in part and denying in part Plaintiffs' Motion for Partial
12    Summary Judgment. (Doc. 54.) The motion is granted as to Plaintiffs' claim for a
13    Declaratory Judgment declaring that the liens are invalid or groundless pursuant to A.R.S.
14    § 33-420 and granted as to Plaintiffs' claim that Mr. Williams knowingly recorded a lien
15    with Maricopa County on May 30, 2019 knowing or having reason to know that the lien
16    was invalid or groundless pursuant to A.R.S. § 33-420(A). The motion is denied for
17    Plaintiffs' claim that Mr. Williams recorded a lien with Maricopa County on March 23,
18    2018 knowing or having reason to know that the lien was invalid or groundless pursuant to
19    A.R.S. § 33-420(A).

20    **IT IS FURTHER ORDERED** directing the Clerk to enter judgment for Plaintiff
21    for $5,000 for its claim for wrongful lien pursuant to A.R.S. § 33-420(A).

22    **IT IS FURTHER ORDERED** granting Plaintiffs' request for declaratory
23    judgment clearing title to their property from the liens filed in Maricopa County,
24    documents numbered 2018-0218732 and 2019-0397763 because those liens are invalid and
25    groundless pursuant to A.R.S. § 33-420(B).

26    Dated this 9th day of February, 2021.

27

28

Honorable Susan M. Brnovich
United States District Judge

- 8 -