**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chimyere McCall, et al., | No. CV-19-05126-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Damon Charles Williams, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Dismiss their Remaining Claims and Vacate Trial. (Doc. 66.) The Defendants have not filed any response to Plaintiffs' Motion. Pursuant to LRCiv 7.2(f), the Court elects to resolve the Motion without oral argument. The Court grants Plaintiffs' request and will dismiss their remaining claims and vacate the trial date set in this case.

Plaintiffs' original Complaint in this case included three counts: Special Action Pursuant to A.R.S. § 33-420(B), Wrongful Lien, and Racketeering. After the original Complaint was filed, Defendants recorded a second judgment lien. In light of the second judgement lien, this Court allowed Plaintiffs to deem their Complaint amended to include claims related to both judgment liens. (Doc. 64 at 5.) As amended, the Complaint included a total of five claims: declaratory judgment related to both judgment liens, damages claims related to both judgment liens, and racketeering.

On May 11, 2020 the Defendants filed seven Counterclaims against Plaintiffs including claims for breach of contract, breach of the duty of good faith and fair dealing,

and misappropriation of trade secrets. (Doc. 48.) However, Plaintiffs filed a Motion to Dismiss all of Defendants' counterclaims on June 1, 2020, (Doc. 51.), and on November 13, 2020, The Court granted that Motion. (Doc. 61.) After that ruling, Defendants had no claims remaining in the case.

On August 21, 2020, Plaintiffs filed a Motion for Partial Summary Judgement in this case. Plaintiffs' Motion for Partial Summary Judgment (Doc. 54) sought declaratory judgment that both judgment liens were invalid and requested damages for each wrongful lien. On February 9, 2021, this Court issued an order granting Summary Judgment in favor of Plaintiffs on three claims—namely, their declaratory judgment claims related to both judgment liens, and on their damages claim related to the second judgment lien. (Doc. 64.) The Court also ruled that Defendants were liable for Plaintiffs' attorney's fees and costs. (*Id.*) Following this ruling, Plaintiffs' racketeering claim and damages claim for the first wrongful lien were the only remaining matters at issue in the case. (*Id*. at 8.)

After the Court ruled on their Partial Summary Judgement Motion, Plaintiffs' filed this Motion seeking to dismiss their remaining claims. (Doc. 66.) Plaintiffs stated:

> Having achieved their primary objectives of obtaining declaratory judgment, a damages award, and the right to seek attorney's fees against Defendants, Plaintiffs now seek to eliminate the ongoing burden of litigation and trial by dismissing their remaining claims for Wrongful Lien damages related to the March 23, 2018 judgment lien and for racketeering, while preserving their right to seek an award of attorney's fees and costs for prevailing on the claims adjudicated via summary judgment.

(Doc. 66 at 2.)

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Whether to dismiss under Rule 41(a)(2) is committed to the trial court's sound discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). A court should grant a Rule 41(a)(2) motion for voluntary dismissal "unless a defendant can show that it will suffer some plain legal prejudice as a result [of dismissal]." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (emphasis added). The mere "inconvenience of defending another lawsuit or the fact that

the defendant has already begun trial preparations [also] does not constitute prejudice." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994) (citing *Hamilton*, 679 F.2d at 145).

In the present case the Defendants have failed to even file an answer to Plaintiffs' Motion, much less demonstrate that they will suffer legal prejudice. As such, the Court finds that dismissal of Plaintiffs' remaining claims under Rule 41(a)(2) is merited.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Dismiss Their Remaining Claims and Vacate Trial (Doc. 66) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel may submit an affidavit of attorney's fees and a proposed order no later than thirty (30) days from the date of this order.

Dated this 10th day of March, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge