Rex A. Christensen, AZ Bar No. 019027
**CHRISTENSEN LAW FIRM**
2168 East Williams Field Road, Suite 200A
Gilbert, Arizona 85295
Tel: (480) 378-2400
Fax: (480) 378-6403
rex@rexachristensen.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chimyere McCall and Monroe McCall,<br><br>Plaintiffs,<br><br>vs.<br><br>Damon Charles Williams and Zene Williams, husband and wife; et al.,<br><br>Defendants. | No. 2:19-CV-05126-SMB<br><br>**MOTION FOR ATTORNEY'S FEES AND COSTS** |

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Local Rule 54.2, A.R.S. § 33-420, and the Court's February 9, 2021 Order granting Plaintiffs' Motion for Partial Summary Judgment in part (Doc. 64) granting Plaintiffs the right to this Motion, Plaintiffs hereby move for an award of attorney's fees and costs. Specifically, Plaintiffs ask the Court to award them attorney's fees in the amount of $22,450.00, and costs in the amount of $351.66.

This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Rex A. Christensen (**Exhibit A** hereto, hereinafter referred to as "Christensen Dec."), the Statement of Consultation (**Exhibit B** hereto), and the entire record herein.

DATED this 9th day of April, 2021.

By  /s/ Rex A. Christensen (SBN 019027)
Rex A. Christensen
**CHRISTENSEN LAW FIRM**
Attorney for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   PLAINTIFFS ARE ENTITLED TO THEIR ATTORNEYS FEES AND COSTS, BECAUSE THEY PREVAILED ON BOTH THE COMPLAINT AND THE COUNTERCLAIM.**

   **A.   Plaintiffs First Succeeded in Having the Counterclaim Dismissed.**

Plaintiffs initiated this action in March 2019 after learning that Defendant Damon Williams recorded a judgment lien against them on March 23, 2018. Plaintiffs' Complaint included three counts: Count One (Special Action Pursuant to A.R.S. § 33-420B to clear the judgment liens), Count Two (Damages for Wrongful Lien), and Count Three (Racketeering). At the time the Complaint was filed, only a single judgment lien had been recorded by Defendants. After the Complaint was filed, Defendants recorded a second judgment lien on May 30, 2019, and this Court deemed the Complaint amended to include claims related to both judgment liens. (Doc. 64 at 5).

On December 12, 2019, Defendant Damon Williams filed an Answer, Affirmative Defenses, and Counterclaim (Doc. 28). After the Court ordered that Defendant Zene Williams must also file an Answer (Doc. 31), Defendants filed a joint Answer, Affirmative Defenses and Counterclaim (Amended) on January 21, 2020 (Doc. 34). Plaintiffs filed a Motion for More Definite Statement on January 8, 2020 (Doc. 33), seeking additional clarity as to the nature and factual basis for the Counterclaim. This Court granted the Motion for More Definite Statement

on April 28, 2020 (Doc. 45), and on May 11, 2020, Defendants finally filed a legitimate responsive pleading, entitled "Answer, Affirmative Defenses and Counterclaim (Amended) and More Definitive Statement" (Doc. 48)(hereinafter "Counterclaim"), which at its very confusing core, asserted claims arising out of the prior employment of Plaintiff Chimyere McCall by a now-defunct company owned and operated by Defendant Damon Williams. *See, e.g., Counterclaim* at 17: 21-24 ("McCall breached her . . . contractual duties to Williams").

On June 1, 2020, Plaintiffs filed a Motion to Dismiss Counterclaim (Doc. 51). Following a Response (Doc. 52) and a Reply (Doc. 53), the Court dismissed the Counterclaim on November 13, 2020 (Doc. 61).

## B. Second, Plaintiffs Obtained Summary Judgment on Their Affirmative Claims.

Plaintiffs' Motion for Partial Summary Judgment (Doc. 54) sought declaratory judgment that both judgment liens were invalid, and seeking damages awards for each judgment lien. Plaintiffs explicitly excluded their racketeering claim from the Motion for Summary Judgment. Of the four claims that were the subject of Plaintiffs Motion for Partial Summary Judgment, judgment was granted in favor of Plaintiffs on three of them—namely, their declaratory judgment claims related to both judgment liens, and on their damages claim related to the second judgment lien. (Doc. 64). The Court also ruled that "Defendants are . . . liable to Plaintiffs for attorney's fees and costs." (Doc. 64, at 8). Plaintiffs' remaining claims were later dismissed (Doc. 68).

/ / /

/ / /

II. **LEGAL BASIS FOR AWARDING ATTORNEY'S FEES**

 A. **Statutory Basis for Award of Fees & Costs for Prevailing on Counterclaim**

 A.R.S. § 12-341.01 states, in relevant part, "In any contested action arising out of a contract . . . the court may award the successful party reasonable attorney's fees." Similarly, A.R.S. § 12-341 states, "The successful party to a civil action shall recover form his adversary all costs expended or incurred therein unless otherwise provided by law."

 The threshold question in determining whether an award of fees is warranted is whether the claims arose out of a contract. Under A.R.S. § 12-341.01, when the contract in question is central to the issue of the case, it will suffice as a basis for the recovery of attorney fees. *See In re Larry's Apartment, LLC*, 249 F.3d 832 (9th Cir.2001); *Nelson v. Pima Community College*, 83 F.3d 1075 (9th Cir. 1996).

 In this case, as explained in Section I(A)(i), *supra*, the Counterclaims asserted claims based in contract—specifically, the employment contract of Plaintiff Chimyere McCall. Therefore, as the prevailing parties on the Counterclaims, Plaintiffs are entitled to an award of attorney's fees.

 B. **Statutory Basis for Award of Fees & Costs for Prevailing on Complaint**

 A.R.S. § 33-420(A) states:

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or

4

> false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, <u>and reasonable attorney fees and costs of the action</u>.

(Emphasis added).

Similarly, A.R.S. § 33-420(B) states:

> The owner or beneficial title holder of the real property may bring an action pursuant to this section in the superior court in the county in which the real property is located for such relief as is required to immediately clear title to the real property as provided for in the rules of procedure for special actions. This special action may be brought based on the ground that the lien is forged, groundless, contains a material misstatement or false claim or is otherwise invalid. The owner or beneficial title holder may bring a separate special action to clear title to the real property or join such action with an action for damages as described in this section. In either case, <u>the owner or beneficial title holder may recover reasonable attorney fees and costs of the action if he prevails</u>.

(Emphasis added).

In this case, Defendants' wrongfully recorded judgment liens against Plaintiffs, which had the legal effect of claiming an interest in and lien against all property owned by Plaintiffs in the county, were clear violations of § 33-420(A). This Court has now ruled in favor of Plaintiffs on both their section 33-420(A) wrongful lien damages claim, and their section 33-420(B) wrongful lien declaratory judgment claim. Therefore, Plaintiffs are entitled to an award of attorney's fees and costs on all of their claims against Defendants

Plaintiffs are the sole prevailing parties in relation to their Complaint, having achieved the objectives of their primary claims by obtaining declaratory judgment and an award of damages pursuant to A.R.S. 33-420. Defendants' use misuse of the courts has caused Plaintiffs to incur attorney's fees and costs that they would not have incurred

otherwise. Therefore, Plaintiffs Chimyere McCall and Monroe McCall are entitled to an award of their costs and attorney's fees. *See Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1242 (9th Cir. 1982), *vacated on other grounds*, 461 U.S. 952, 77 L.Ed.2d 1311, 103 S.Ct. 2421 (1983)(finding that district courts have broad discretion to award attorney's fees and costs).

### III.   PLAINTIFFS' REQUESTED ATTORNEY'S FEES & COSTS ARE REASONABLE

Plaintiffs are entitled to recover for every line item of service provided by their attorney which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his or her clients' interests. *See, e.g., Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982), *cert. denied*, 459 U.S. 1009 (1982); *see also Arizona v. Maricopa County Medical Soc.*, 578 F.Supp. 1262, 1265 (D.Ariz.1984).

Accordingly, Plaintiffs request an award of their attorney's fees in the amount of $22,450.00. *See* Christensen Dec. at ¶ 10.  The attorney's fees and costs that Plaintiffs seek to recover from Defendants were incurred beginning in March 2019 once it became clear that this lawsuit would be necessary. Plaintiffs have not included in this Motion the fees they incurred between December 2018 and the beginning of March 2019, during which time they sought to strike from the record Defendant Damon Williams' Affidavit for Renewal of Judgment filed in Maricopa County Superior Court Case No. CV2007-013733. The itemized work listed in Exhibit 1 to the Christensen Declaration was reasonably undertaken, and includes all necessary research, investigation, pleadings, discovery, motions, hearings, and communications with clients, opposing parties, and the court. Plaintiffs also seek an award of fees for the time spent in preparing this motion and accompanying documentation. *See In re Nucorp Energy, Inc.*, 764

F.2d 655, 659-660 (9th Cir. 1985); *see also Gametech, Int'l, Inc. v. Trend Gaming Sys. LLC*, 380 F.Supp. 1084, 1101 (D.Ariz.2005)(finding that attorney's fees incurred in litigating the fee application are compensable).

In considering whether the requested attorney's fees are reasonable, Local Rule 54.2(c)(3) directs that the following factors should be considered:

(1) The time and labor required of counsel;

(2) The novelty and difficulty of the questions presented;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by counsel because of the acceptance of the action;

(5) The customary fee charged in matters of the type involved;

(6) Whether the fee contracted between the attorney and the client is fixed or contingent;

(7) Any time limitations imposed by the client or the circumstances;

(8) The amount of money, or the value of the rights, involved, and the results obtained;

(9) The experience, reputation, and ability of counsel;

(10)  The undesirability of the case

(11)  The nature and length of the professional relationship between the attorney and the client;

(12)  Awards in similar actions; and

(13)  Any other matters deemed appropriate under the circumstances.

Arizona courts have ruled that "the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances." *Schweiger v. China Doll Restaurant,*

*Inc.*, 138 Ariz. 183-187-88, 673 P.2d 927, 931-32 (Ariz.App.1983); *see also Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 874 P.2d 982, 987 (Ariz.App.1994)(finding that under Arizona law, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate")(*internal citations omitted*).

Plaintiffs' counsel spent over 90 hours to obtain the desired results in this matter. *See* Exhibit 1 to Christensen Dec. Counsel charged Plaintiffs $250.00 per hour for the services rendered, which is reasonable because it is below counsel's standard hourly rate (Plaintiffs' are charged a lower rate as long time clients), and which is also reasonable because it is below the rates typically charged by attorneys of similar skill, expertise, and experience level. *See* Christensen Dec at ¶ 10). *See also China Doll*, 138 Ariz. At 187-88, 673 P.2d at 931-32.

The difficulty of the issues presented in a case are also an indication of what is reasonable. In this case, the difficulty level in this litigation was substantially higher than it would otherwise have been because of the lack of clarity in Defendants' pleadings and other filings. Pleadings were filed without a clear basis in fact or law. Responses to Motions were filed which showed a fundamental misunderstanding of the law and how it should be applied. Arguments were made in vague and ambiguous ways which required interpretation, assumptions, and supposition to formulate a response. Sometimes multiple arguments had to be made in response to something Defendants filed because it was not clear which of many alternate meanings the filing had. In short, the litigation was much more complex than it should have been and required experienced counsel to properly navigate it. Because of the ultimate success Plaintiffs obtained,

their attorney's fees were reasonable in light of the results obtained. *See Davis v. Mason County*, 927 F.2d 1473, 1489 (9th Cir. 1991).

### IV.   CONCLUSION

Based on the foregoing, Plaintiffs request that they be awarded $22,450.00 for their reasonable attorney's fees, and $351.66 for their reasonable costs associated with their success in this litigation.

DATED this 9th day of April, 2021.

By   */s/ Rex A. Christensen (SBN 019027)*
Rex A. Christensen
**CHRISTENSEN LAW FIRM**
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Chimyere McCall and Monroe McCall,<br><br>Plaintiffs,<br><br>vs.<br><br>Damon Charles Williams and Zene Williams, husband and wife; et al.,<br><br>Defendants. | No. 2:19-CV-05126-SMB |

**CERTIFICATE OF SERVICE**

I, Rex A. Christensen, hereby certify that on the 9th day of April, 2021, I electronically transmitted the attached document, and/or I caused a true and correct copy thereof to be served via First-Class Mail upon the following:

Damon Charles Williams
Zene Williams
P.O. Box 7775 #14437
San Francisco, CA 94117
counterclaimant@gmail.com
Defendants/Counterclaimants

*Rex Christensen*