**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chimyere McCall and Monroe McCall, | No. CV-19-05126-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Damon Charles Williams and Zene Williams, husband and wife; et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs. (Doc. 70.) Defendants filed a Response, (Doc. 75), and Plaintiffs filed a Reply, (Doc. 76), as well as a Request for Ruling, (Doc. 77). Having consider the parties' briefing and relevant law, the Court will grant Plaintiffs' request for fees and costs.

**I.     BACKGROUND**

Plaintiffs initiated this action in March 2019 after learning that Defendant Damon Williams recorded a judgment lien against them a year earlier. (Doc. 1 at 1–2.). The procedural background has been explained in a previous order of the Court, (Doc. 61), and will not be repeated in full here but is incorporated for purposes of this ruling. Notably, the Court has (1) granted Plaintiffs' Motion to Dismiss Counterclaim, (Doc. 61); (2) granted, in part, Plaintiffs' Motion for Partial Summary Judgment, (Doc. 64); and (3) granted Plaintiffs' Motion to Dismiss Their Remaining Claims, (Doc. 68). With all substantive matters fully adjudicated, Plaintiffs timely submitted their request for attorney's fees, seeking $22,450.00 in attorney's fees and $351.66 in costs. (Doc. 70.)

## II. DISCUSSION

To prevail on a motion for attorney's fees, the movant must be legally eligible for and entitled to the fees, and the fees must be reasonable. *See* LRCiv. 54.2(c).

### A. Eligibility and Entitlement

Plaintiffs' claim for attorney's fees is based on three statutory provisions: (1) A.R.S. § 33-420(A), for obtaining wrongful lien damages; (2) A.R.S. § 33-420(B), for obtaining declaratory judgement that the liens were invalid; and (3) A.R.S. § 12-341.01, for obtaining dismissal of Defendants' counterclaims. (Doc. 76.)

Regarding Plaintiffs' wrongful lien claims, Arizona law permits real property owners to seek damages and declaratory judgement when a lien is groundlessly placed on their real property. *See* A.R.S. § 33-420. If the property owner prevails in the action to recover damages, the individual who groundlessly filed the lien "is liable to the owner or beneficial title holder of the real property for . . . reasonable attorney fees and costs of the action." A.R.S. § 33-420(A). Likewise, if the property owner seeks "relief as is required to immediately clear title to the real property," such as declaratory judgment, then "the owner or beneficial title holder may recover reasonable attorney fees and costs of the action if he prevails." A.R.S. § 33-420(B).

This Court has already ruled in Plaintiffs' favor on their section 33-420(A) wrongful lien damages claim and their section 33-420(B) wrongful lien declaratory judgment claim. (Doc. 64 at 7–8). Thus, the Court finds that Plaintiffs are eligible and entitled to attorney's fees and costs on these claims under A.R.S. § 33-420(A)–(B).

Regarding Plaintiffs' defense against Defendants' counterclaims, Arizona law provides that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). "The legislature used the phrase 'may award' in authorizing the trial judge to award a successful contract litigant reasonable attorney's fee." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985). Arizona Courts have long held that

> A court has broad discretion whether to award attorney fees and may consider

factors including (1) "[t]he merits of the claim or defense presented by the unsuccessful party"; (2) whether "[t]he litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result"; (3) whether the unsuccessful party would suffer "extreme hardship"; (4) whether the successful party prevailed as to all relief sought; (5) whether novel legal questions were presented; and (6) whether the award would discourage parties from litigating or defending legitimate contract issues.

*Goodman v. 12 Univ. LLC*, No. 2 CA-CV 2020-0034, 2020 WL 6878883, at *8 (Ariz. Ct. App. Nov. 23, 2020) (quoting *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985)).

The court makes the following findings as to each of the above listed factors:

1. Plaintiffs had a meritorious defense against Defendants' contractual counterclaims and ultimately succeeded on their motion for summary judgment. This factor weighs in Plaintiffs' favor.

2. No information was provided about specific settlement efforts in this case, but—given the fact Defendants were still knowingly filing invalid liens after litigation had commenced, (*see* Doc. 76 at 5)—settlement was unlikely. This factor weighs in Plaintiffs' favor.

3. There was no evidence presented on this issue. However, because "the party asserting financial hardship has the burden of coming forward with *prima facie* evidence of the financial hardship," *Woerth v. City of Flagstaff*, 167 Ariz. 412, 20 (Ct. App. 1990), and Defendant has not done so, the Court finds that this factor weighs in favor of Plaintiffs' request for fees. *See Ogden v. CDI Corp.*, No. CV08-02180-PHX-DGC, 2013 WL 1149913, at *3 (D. Ariz. Mar. 20, 2013) (explaining that a party does not demonstrate hardship where they "fail to present evidence"). This factor weighs in Plaintiffs' favor.

4. Plaintiff prevailed against the counterclaims and is the successful party. This factor weighs in Plaintiffs' favor.

5. There is nothing novel about the claim or defense in this case. This factor weighs in Plaintiffs' favor.

6. Plaintiffs are requesting an award of $22,450.00.  Such a fee award would not deter legitimate claims from being filed but might deter these Defendants from filing additional baseless judgement liens.  This factor weighs in Plaintiffs' favor.

Therefore, because all of the factors support an award of attorney's fees in favor or Plaintiffs, the Court finds that Plaintiffs are eligible and entitled to attorney's fees under A.R.S. § 12 341.01 for their defense against Defendants' counterclaims.

### B.     Reasonableness

A district court must calculate awards for attorney's fees using the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).  "[T]he lodestar figure is presumptively a reasonable fee award," *Ferland*, 244 F.3d at 1149 n. 4, but "[a] district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Defendants' have failed to "identify with specificity all disputed issues of material fact" and have not "separately identify each and every disputed time entry or expense item," as required by Local Rule 54.2(f).  Instead, Defendants broadly state—in a section heading—that "The Court Should Reduce the Number of Hours Claims If the Fees Are to Be Awarded," while falsely claiming that Plaintiffs have "not provided any details regarding the number of hours claimed." (Doc. 74 at 3).  However, the Plaintiffs have, in fact, provided the Court with a detailed log for every item billed by their attorney over the past two years, totaling 92.9 hours. (Doc. 70-2).  The Court has reviewed this log along with the declaration of Plaintiffs' attorney, (Doc. 70-1), and finds the hourly rate of $250—for a Phoenix area attorney with 22 years of experience—is reasonable, and the time was likewise reasonably expended, totaling less than 100 hours over two years.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED GRANTING** Plaintiffs' Motion for Attorney's Fees and Costs and awarding Plaintiffs their attorney's fees in the amount of $22,450.00 and costs in the amount of $351.66, plus post-judgement on that amount at the rate set forth in 28 U.S.C. § 1961.

Dated this 28th day of September, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge